UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA WILLIAMS,

        Plaintiff,

vs.

        Case No. 05-CV-71907
        HON. GEORGE CARAM STEEH

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION;
GRANTING, IN PART, PLAINTIFF'S MOTION FOR REMAND (#12);
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#13), AND;
REMANDING TO ALJ UNDER SENTENCE FOUR OF § 405(g)

        This matter is before the court on plaintiff Rhonda Williams' motion to remand under sentences four and six of 42 U.S.C. § 405(g), and defendant Commissioner of Social Security's motion for summary judgment, as to plaintiff's claim for judicial review of the denial of her January 23, 2003 application for disability insurance benefits and supplemental security income benefits. The matter was referred to Magistrate Judge Virginia Morgan. On October 24, 2005, Magistrate Judge Morgan issued a 16-page Report and Recommendation recommending that plaintiff's motion for a § 405(g) sentence four remand be granted, that plaintiff's motion for a § 405(g) sentence six remand be denied, and that defendant's motion for summary judgment be denied. Defendant filed objections on November 11, 2005. Plaintiff filed a "reply" to the objections on November 29, 2005.

See 28 U.S.C. § 636(b)(1); E.D. Mich. L.R. 72.1(d)(2).

Plaintiff's benefit application alleged disabilities due to knee, back, and right shoulder impairments, as well as anxiety. Plaintiff allegedly sustained injuries after jumping from a moving motor vehicle on March 6, 2002 to escape her boyfriend's ex-girlfriend. Plaintiff was allegedly dragged and ran-over by the vehicle, sustaining a minimally displaced fracture of the tibial eminence. A December 12, 2003 MRI revealed a "[m]al union of intercondylar fracture . . . with elevated fracture fragment," and an "[i]ntact but slack anterior cruciate ligament." R, at 167. Following a hearing, ALJ Michael Wilenken issued a September 13, 2004 decision finding at Step Four that plaintiff was not qualified for benefits because she retained the residual functional capacity to perform her past relevant work as an administrative assistant and customer service representative.[1] With respect to plaintiff's history of a right tibial fracture and possible right shoulder tendonitis, the ALJ concluded at Step Two that the impairments were "severe" as contemplated by 20 C.F.R. §§ 404.1520(c) and 416.920(c), and concluded at Step Three that these impairments did not meet or exceed the Listing Requirements in Appendix 1, Subpart P, Regulation No. 4. The Appeals Counsel denied plaintiff's request for review on March 18, 2005.

In adjudicating the parties' competing motions, Magistrate Judge Morgan found that

---

[1] At Step 1, the claimant must demonstrate she is not gainfully employed at the time of application. Step 2 requires the claimant to show that she suffers from a "severe" impairment. Step 3 requires the claimant to show that her severe impairment meets or equals an impairment as listed in Appendix 1, Subpart P, Regulations No. 4 of the Social Security Act. See 20 C.F.R. § 404.1520(f). Step 4 entails the Commissioner's review of the claimant's residual functional capacity and relevant past work to determine if the claimant can perform her past work. If not, the analysis proceeds to Step 5 to determine whether the claimant can perform any other work available in the economy. See Howard v. Commissioner of Social Security, 276 F.3d 235, 238 (6th Cir. 2002).

plaintiff is entitled to a § 405(g) sentence four remand because the ALJ failed to articulate his rationale for concluding at Step Three that plaintiff's history of a right tibial fracture, and subsequent right knee disabilities as documented by the December 12, 2003 MRI, did not meet or exceed the Listing Requirements of § 1.06:

> 1.06 *Fracture of the femur, tibia, pelvis, or one or more of the tarsal bones.* With:
>
> A. Solid union not evident on appropriate medically acceptable imaging and not clinically solid; and
>
> B. Inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur or is not expected to occur within 12 months of onset.

Magistrate Judge Morgan finds remand is necessary because the ALJ, as opposed to the court, must make the initial factual determinations with respect whether plaintiff meets or exceeds the Listing Requirements of § 1.06A and § 1.06B, and whether plaintiff is unable to ambulate effectively as defined under § 1.00B2b of the Listing Requirements. Magistrate Judge Morgan also finds that plaintiff has failed to establish good cause for a § 405(g) sentence six remand based on "new evidence" of a mental impairment. As a consequence of recommending the sentence four remand, Magistrate Judge Morgan also recommends denial of defendant Commissioner's motion for summary judgment.

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. See 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." Id. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. Defendant is the only party that has filed an objection to the Report and

3

Recommendation, arguing in effect that the record lacks substantial evidence to support a finding that plaintiff was unable to ambulate effectively as required by Listing Requirement § 1.06B, and therefore remand is unnecessary.

As articulated by the Sixth Circuit:

> [S]entence four of § 405(g) contemplates the type of remand involved in the present case--a remand after a final decision by the district court reversing the denial of benefits by the Secretary in order to correct an error by the Secretary in applying the regulations even if the rehearing to correct the error requires the taking of additional evidence. Sullivan v. Finkelstein, 496 U.S. 617, 625-26, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990) (sentence four provides appropriate relief when evidence on record is insufficient to support the Secretary's conclusions and further factfinding is necessary).

Faucher v. Sec. of Health and Human Services, 17 F.3d 171, 174 (6th Cir. 1994). The *factfinding* necessary here is whether, consistent with Listing Requirement § 1.06, a solid union of plaintiff's fractured fibia was not evident in the December 12, 2003 MRI or other appropriate imaging, whether the union was clinically solid despite the MRI or other appropriate imaging, and whether plaintiff was unable to ambulate effectively, as defined in 1.00B2b, within 12 months of the onset of the asserted "mal union."

Where, as here, there is substantial evidence in the record that could support findings either way as to whether a claimant meets a Listing Requirement, "the determination is for the ALJ to make in the first instance." Nowlen v. Comm'r. of Soc. Security, 277 F.Supp.2d 718, 725 (E.D. Mich. 2003). This court is not authorized to try the case de novo nor resolve conflicts in record evidence. Walters v. Commissioner of Social Security, 127 F.3d 525, 528 (6th Cir. 1997). The court declines defendant's implicit invitation to decide for the first time whether substantial evidence in this record could only legitimately support a finding that plaintiff was able to ambulate effectively as envisioned

4

under Listing Requirement § 1.06B.  Plaintiff's sole objection is not well taken.

The court hereby ACCEPTS Magistrate Judge Morgan's October 24, 2005 Report and Recommendation.  Plaintiff's motion for remand is hereby GRANTED, IN PART, to the extent this matter is hereby REMANDED to the ALJ under sentence four of 42 U.S.C. § 405(g), consistent with the analysis herein and as set forth in the Report and Recommendation.  Plaintiff's motion for remand is DENIED, IN PART, to the extent plaintiff seeks remand under sentence six of 42 U.S.C. § 405(g) based on newly discovered evidence.  Defendant's motion for summary judgment is hereby DENIED.

SO ORDERED.

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

Dated:  December 12, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 12, 2005, by electronic and/or ordinary mail.

        s/Josephine Chaffee
        Secretary/Deputy Clerk